Filed 4/8/15  P. v. Lander CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ANTHONY LANDER,<br><br>Defendant and Appellant. | F067365<br><br>(Super. Ct. No. BF145621A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Thomas S. Clark, Judge.

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Levy, Acting P.J., Kane, J., and Smith, J.

A jury convicted appellant, Michael Anthony Lander, of second degree burglary (Pen. Code, § 460, subd. (b)) and petty theft (Pen. Code, § 488). On May 28, 2013, the court sentenced Lander to a three-year local term.

On appeal Lander contends the court abused its discretion and denied him certain constitutional rights when it denied his request to recall a witness. Lander also asks this court to review the sealed transcript of an in camera hearing to determine if the trial court erred in withholding documents the defense had subpoenaed. We affirm.

## FACTS

At Lander's trial, Tyler Work testified that he was employed as an Asset Protection Specialist at a Target store in Kern County. As part of his duties he monitored from his office over 150 cameras that are located inside and outside of the store in order to locate people attempting to steal from Target and to apprehend them. Sometimes Work also walked the floor.

On December 7, 2012, at approximately 9:25 p.m., he was viewing cameras in his office when he saw Lander whom he recognized from having seen him in the store on at least 15 previous occasions. As Work watched Lander he saw him go to the electronics department and put a Blu-ray Player in his cart. Next Lander went to where the televisions were located and placed a 37-inch flat screen television in his cart. Lander then took the cart to a fire exit and left the store through the exit, triggering an alarm. A video camera outside the store showed Lander running from the Target store and a white vehicle driving off in the same direction as Lander.

After Work testified and was cross-examined by the defense, he was excused subject to being recalled. After a break, defense counsel asked the court for permission to recall Work in order to cross-examine him with personnel records he received from Target regarding a reprimand Work received for an incident on December 4, 2012. According to defense counsel's offer of proof, on that date, while following a theft

2

suspect on the surveillance cameras, Work failed to maintain constant surveillance of the suspect. When the suspect was stopped he was not in possession of any Target merchandise.[1]

When asked by the court why the reprimand was relevant defense counsel argued that it showed "that when looking at surveillance, Mr. Work makes errors."

In denying the request the court stated,

> "I'm going to deny the request to call Mr. Work for that purpose for two reasons: Number one, I find it irrelevant; number two, it's something that could have been gone into in cross-examination. Counsel, while not disclosing that information to the People, elected, for whatever reason, not to go into it, so I would also deny the request to produce that evidence because it was not disclosed in a timely basis."

Bakersfield police officer Scott Roberts then testified, in pertinent part, that he responded to the report of a theft at the Target store. Work told Officer Roberts that Lander committed the theft and provided a description of him. The officer showed Work a picture of a man and Work identified the man as Lander.

## DISCUSSION

### *The Recall of Witness Work*

Lander contends that the reprimand Work received from Target was relevant as impeachment evidence because it had the potential to demonstrate to the jury that Work

---

[1] The reprimand indicates that on December 4, 2012, Work was involved in the surveillance and apprehension of a suspected shoplifter who was detained outside the store and found not to be in possession of any store merchandise. During the surveillance Work lost sight of the suspect when he entered aisle B16. According to the reprimand this violated the store's policy that required that prior to any "productive merchandise recovery" certain steps should be "completed" including maintaining sufficient observation of a suspect. By not doing so, Work "failed to ensure that the [suspect] did not dispose of, or remove, merchandise from their person that had been previously concealed." The reprimand also indicates that after being contacted, the suspect explained to Work that he had removed the merchandise in the aisle where Work lost sight of him. Work went to the location indicated by the suspect and found the merchandise there.

3

was not proficient at his job and incorrectly accused another person of theft. Lander further contends that the reprimand had a direct bearing on Work's credibility with respect to his identification of Lander as the man who took the Blu-ray Player and the television from the store. Thus, according to Lander, by denying his request to recall Work the court effectively denied him his constitutional rights to present a defense, to confront witnesses, to a fair trial, and to due process. Lander further contends that because Work was the main witness for the prosecution and he identified Lander as the man who took merchandise from the store, Lander was prejudiced by the court's denial of his request to recall Work. Alternatively, he contends his defense counsel denied him effective representation by his failure during cross-examination to impeach Work with the reprimand. We will reject these contentions.

> "The abuse of discretion standard of review applies to any ruling by a trial court on the admissibility of evidence. [Citation.] This standard is particularly appropriate when, as here, the trial court's determination of admissibility involved questions of relevance …. [Citation.] Under this standard, a trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. [Citation.]" (*People v. Guerra* (2006) 37 Cal.4th 1067, 1113.)

> "'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.)

The main issue in the instant case was whether Lander was the man Work saw on December 7, 2012, taking Target property out of the store through an emergency exit. Work's earlier failure to maintain sufficient visual surveillance of a suspect to ensure he still possessed store merchandise when apprehended did not involve dishonesty. It also did not have the tendency to prove or disprove that Work was incorrect in his identification of Lander as the man who stole the Blu-ray Player and television. Thus, we

4

agree with the trial court that the reprimand Work received was not relevant to any issue before the court.

Lander contends that evidence of the reprimand was relevant "because it had the potential to demonstrate to the jury that Mr. Work was not proficient at his job and incorrectly accused another person of theft." Lander is wrong. All the reprimand shows is that on one occasion Work was involved in a merchandise recovery incident that was not successful because Work failed to maintain continuous surveillance of a suspected shoplifter. It does not necessarily follow from this one reprimand that Work was not "proficient at his job" as Lander contends. In any event, Lander fails to explain how Work's failure to maintain continuous surveillance of a suspected shoplifter on one occasion undermined his identification of Lander, whom he had seen in the store on numerous previous occasions. Therefore, since the reprimand Lander sought to cross-examine Work about was not relevant, the court did not abuse its discretion when it denied Lander's request to recall Work; nor did the court's ruling deny Lander his constitutional rights to present a defense, to confront witnesses, to a fair trial, or to due process.

There is also no merit to Lander's ineffective assistance of counsel claim. "'[I]n order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was "deficient" because his "representation fell below an objective standard of reasonableness ... under prevailing professional norms." [Citations.] Second, he must also show prejudice flowing from counsel's performance or lack thereof. [Citations.] Prejudice is shown when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." [Citations.]' [Citation.]" (*In re Avena* (1996) 12 Cal.4th 694, 721.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

5

prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington* (1984) 466 U.S. 668, 697.)

Since we have already concluded that the evidence of Work's reprimand was not relevant to any issue before the court, it follows that Lander was not prejudiced by the failure of defense counsel to cross-examine Work regarding this reprimand. Accordingly, we also reject Lander's ineffective assistance of counsel claim.

### *Review of the In Camera Proceedings*

On March 28, 2013, Lander filed a Motion for Release of Records to Defense of Materials and Documents Sought by Subpoena Duces Tecum seeking the release of Work's personnel records Lander subpoenaed from Target.

On April 11, 2013, the court agreed to review the records in camera and release to the defense any relevant records. At an in camera hearing on April 16, 2013, the court ordered all the records released to the defense.

Lander asks this court to conduct an independent review of the sealed transcript of the in camera hearing during which the court released Work's personnel records to defense counsel to determine if the court erred in withholding any of the subpoenaed records. (Cf. *People v. Mooc* (2001) 26 Cal.4th 1216 [explains procedure to be followed for discovery of police personnel records].) The record, however, indicates that the court provided defense counsel all the records that were produced pursuant to defense counsel's subpoena and that the April 16, 2013, in camera hearing was not transcribed. Thus, there is nothing for this court to review.

## DISPOSITION

The judgment is affirmed.